Case 7:20-cv-04573-PMH Document 100 Filed in NYSD on 10/09/2020 Page 1 of 4

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3481

WRITER'S DIRECT FACSIMILE

(212) 492-0481

WRITER'S DIRECT E-MAIL ADDRESS

psignoracci@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN**
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ

BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
CHARLES J. PESANT
JESSICA E. PHILLIPS*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY

October 9, 2020

Application granted. The transcript of proceedings held 9/1/2020 shall be redacted in accordance with the proposed redactions set forth in plaintiff's Exhibit A (Doc. 101-1, 102-1).

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: New York, New York
October 13, 2020

**By ECF**

The Honorable Philip M. Halpern
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007
(914) 390-4160

Re: *IBM* v. *Rodrigo Lima*, No. 20 Civ. 4573

Dear Judge Halpern,

On September 1, 2020, the Court held a conference in the above-captioned action concerning IBM's requests to seal or redact certain confidential information that the parties placed into evidence through exhibits, briefing, and testimony in the proceedings concerning Plaintiff IBM's motion for a preliminary injunction. IBM now seeks to seal certain confidential information from the transcript of the September 1, 2020 conference (the "Transcript"). IBM's proposed redactions track the decisions this Court made on the record at the September 1, 2020 conference.

IBM has met and conferred with counsel for Defendant Lima regarding IBM's proposed redactions to the Transcript, and counsel for Defendant Lima does not object to IBM's proposed redactions.

In accordance with the Court's Local Rule 5.B, I write to explain why IBM's proposed Transcript redactions are appropriate under *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and to respectfully request that the Court place certain portions of the Transcript under seal.

Case 7:20-cv-04573-PMH Document 100 Filed in NYSD on 10/09/2020 Page 2 of 4

As stated in our letters requesting the sealing of certain confidential information in this matter dated July 13, 2020 (ECF 34), July 27, 2020 (ECF 48), and August 24, 2020 (ECF 78), in *Lugosch*, the Second Circuit enumerated the steps that a district court must take in order to determine whether to issue an order denying public access to records. First, the court must determine the extent to which the documents are "judicial documents" to which the common law presumption to public access attaches. 435 F.3d at 119. Second, the court considers the appropriate weight of the presumption and the serious competing considerations balancing against it. Under the *Lugosch* analysis, the Court should grant IBM's request for redaction of limited portions of the Transcript concerning confidential information.[1]

**I. <u>The Presumption of Public Access is of Moderate Weight</u>**

To the extent the documents at issue are "judicial documents," *Lugosch* dictates that the court assess the weight of the presumption of public access, which is "'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 119 (quoting *U.S.* v. *Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (*Amodeo II*)).

The presumption of public access is generally strong in *final* determinations at the summary judgment stage or after a full trial on the merits. *See U.S.* v. *Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The Transcript, however, concerns a conference on IBM's requests for redaction of limited material submitted in connection with IBM's preliminary injunction motion—not a full trial on the merits. Further, the underlying motion by IBM concerns a contract dispute between two private parties—Plaintiff IBM and Defendant Lima—and the requested redactions concern information designated as confidential or highly confidential by IBM and/or by a testifying witness at the hearing. Moreover, IBM's limited requests for redaction of the Transcript concern only portions of the record as to which the Court already granted IBM's previous redaction requests at the September 1, 2020 conference.

**II. IBM's Interest in Protecting its Confidential Business Information <u>Outweighs Any Public Interest in Access to that Information</u>**

The next step in the *Lugosch* analysis calls for the court to "balance the competing considerations against" any presumption of public interest to the judicial documents in question.

[1] As stated in our letter dated July 13, 2020 (ECF 34), the Court need only analyze IBM's request in light of the common law right of access, and not in light of a constitutional right of access, as "[t]he Second Circuit has not yet determined whether a constitutional right of access exists in regard to judicial documents other than those relating to summary judgment." *Ello* v. *Singh*, 531 F. Supp. 2d 552, 582 n.31 (S.D.N.Y. 2007) (analyzing requests to seal certain submissions related to non-summary judgment motion only in light of the common law right of access). However, even if the Court determines the presumptive First Amendment interest in public access applies here, the result would be the same. As demonstrated below, there have been "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

*Lugosch*, 435 F.3d at 120 (citing *Amodeo II*, at 1050) (internal quotations omitted). "These competing considerations include, *inter alia*, 'the privacy interests of those resisting disclosure.'" *Id.* Here, the balancing exercise weighs decisively in favor of redacting the limited portions of the Transcript requested by IBM.

As identified in our July 13, July 27, and August 24 letters (ECF 34, 48, 78), this case concerns the protection of IBM's highly confidential and competitively sensitive information. IBM safeguards this information because its release could lead to competitive harm. If a competitor learns IBM's confidential information, including through publication of the Transcript without redaction, the competitor could use that information to develop sales-pitch material to approach current or potential IBM customers, or to compete directly against IBM armed with knowledge of IBM's unpublished strategies and internal forecasts. This is, in fact, the very reason that Defendant Lima promised in his Noncompetition Agreement that he would never reveal this information, even after he left IBM's employ.

Courts have both redacted and sealed information under precisely these circumstances, recognizing that disclosure of confidential information could cause competitive harm. As this Court has explained, "[c]ourts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *accord Gelb* v. *AT&T Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (sealing "potentially valuable commercial information which . . . could alter [Defendant's] competitive position in the telecommunications market"); *In re Keurig*, No. 14-MC-2542 (VSB), 2014 WL 12772236, at *2-3 (S.D.N.Y. Nov. 5, 2014) (finding presumption of public access outweighed by Plaintiff's "interest as a privately held business in safeguarding [financial] information from competitors who may wish to exploit it" and granting redactions).

Courts have sealed and redacted corporate strategies and confidential business information like those at issue here. This Court has applied *Lugosch* and sealed and redacted documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting." *GoSMiLE, Inc.* v. *Dr. Jonathan Levine, D.M.D., P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011). In the *IBM* v. *Visentin* case, Chief Judge Preska sealed documents marked IBM Confidential and closed the courtroom when IBM confidential information was discussed in connection with IBM's motion for a preliminary injunction to enforce its noncompetition agreement against an executive who left the Company to join IBM competitor Hewlett-Packard Company. *See* No. 11 Civ. 399 (LAP), 2011 WL 672025, at *7 (S.D.N.Y. Feb. 16, 2011). Other courts have sealed similar information. *See, e.g.*, *Brookdale Univ. Hosp. & Med. Ctr., Inc.* v. *Health Ins. Plan of Greater N.Y.*, No. 07-CV-1471(RRM)(LB), 2008 WL 4541014, at *1 (E.D.N.Y. Oct. 7, 2008) (sealing financial data and plans, strategic or long-range plans, internal cost and revenue data); *D'Amour* v. *Ohrenstein & Brown, LLP*, No. 601418/2006, 2007 WL 4126386, at *21 (S.D.N.Y. Aug. 13, 2007) (sealing law firm's "financial statements and reports"); *Gelb*, 813 F. Supp. at 1035 (sealing internal business strategies and financial information); *In re Keurig*, 2014 WL 12772236, at *2-3

Case 7:20-cv-04573-PMH Document 100 Filed in NYSD on 10/09/2020 Page 4 of 4

(redacting financial information, including internal revenue breakdowns and projections, as well as confidential product information and development plans). The same circumstances are present here, and the same outcome is warranted.

Consistent with the above cases, IBM proposes redactions related to the following categories of confidential information:

(1) Specific information regarding IBM's confidential financial projections and performance. For example, the Transcript refers to non-public details of IBM's revenues, projections of new signings, and budget and performance. *See, e.g.*, Transcript ("Tr.") 39:10, 39:12, 39:21, 39;24, 49:23, 50:5, 60:7, 60:9, 60:15-16. In certain instances, the information IBM requests to redact from the Transcript would not on its own necessarily reveal IBM's confidential information, but it would do so when paired with information from the underlying documents and/or testimony that were discussed at the September 1, 2020 conference. *See, e.g.*, Tr. 50:5 (describing and quoting testimony from the July 21, 2020 Preliminary Injunction Hearing transcript that has been redacted and placed under seal).

(2) Specific information concerning IBM's internal analyses and competitive strategies, particularly with regard to Microsoft. For example, the Transcript contains references to IBM's analyses of its competition with Microsoft, as well as it confidential strategies for competing with Microsoft in the future. *See, e.g.*, Tr. 51:3-4, 51:9.

(3) IBM's internal, non-public strategy regarding its personnel, business lines, and executive organization. *See, e.g.*, Tr. 45:22, 46:18.

## III. <u>Conclusion</u>

For the foregoing reasons, and those stated in IBM's previous letter-motions to seal (ECF 34, 48, 78) and at the September 1, 2020 conference, IBM respectfully requests that the Court enter an order approving IBM's proposed redactions to the September 1, 2020 Transcript (Exhibit A to the accompanying Declaration of Pietro J. Signoracci), and that the Court place the highlighted portions of the transcript under seal.

Respectfully submitted,

*s/Pietro J. Signoracci*

Pietro J. Signoracci

cc (by ECF): Counsel of Record